UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. **07 MJ 2642** |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Jose Salvador HERRERA-Tapia,** | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **November 11, 2007** within the Southern District of California, defendant, **Jose Salvador HERRERA-Tapia,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **13th** DAY OF **NOVEMBER, 2007**

Nita L. Stormes
UNITED STATES MAGISTRATE JUDGE

PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On November 11, 2007 at approximately 7:45 a.m., Border Patrol Agent K. Reale was performing line watch duties when she responded to a call via Bureau service radio communications from Border Patrol Agent J.C. Sanchez of a group of 10 suspected undocumented individuals in an area known to agents as "The 25 Saddle." The "25 Saddle" is located approximately three miles east of the Otay Mesa, California Port of Entry and approximately three miles north of the United States/Mexico International Boundary fence. Agent Sanchez stated that he had seen the 10 individuals traveling northbound from the "25 Saddle." Agent Reale responded to this area and after conducting a brief search, she found the 10 individuals attempting to conceal themselves in some brush. Agent Reale approached the individuals, identified herself as a United States Border Patrol Agent, and questioned the individuals as to their citizenship and nationality, all subjects, including one later identified as the defendant **Jose Salvador HERRERA-Tapia**, stated "Mexico." Agent Reale then asked all subjects whether they had immigration documents to stay or remain in the United States legally. All subjects, including the defendant said "No." Agent Reale arrested the defendant and the rest of the group and had them transported to the Chula Vista Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on June 12, 2007 through San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

**Executed on November 12, 2007 at 8:30 A.M.**

Raul Castorena
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **1** page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **November 11, 2007** in violation of Title 8, United States Code, Section 1326.

Nita L. Stormes
United States Magistrate Judge

11-12-07 @ 2:15PM
Date/Time